UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Daniel M. Brown, | ) | C/A No. 4:12-3057-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| L.T. Perry Powell; L.T. Ronald Brayboy; | ) | |
| Sgt. Terrance Purvis; Captain Kenny Green; | ) | |
| and Officer H. Kessler, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On March 19, 2013, Plaintiff filed a letter with the court requesting a transfer to another facility. This letter is being treated as a motion for a preliminary injunction for transfer to another facility.[1] In this motion, Plaintiff requests that he be transferred from Evans Correctional Institution to another level two facility or work release institution in the Columbia area because he has "a lawsuit against some officers thats[sic] still works at this institution." (Doc. # 44). Plaintiff asserts that he wants a transfer to "avoid harassment." (Id.).

Defendants filed a response in opposition asserting placement of inmates is left to the discretion of the state corrections departments and that if viewed as a preliminary injunction, he has failed to make the requisite showing.

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

Natural Resources Defense Council, Inc. ,--- U.S. ---, 129 S.Ct. 365, 374, 172 L.Ed.2d 249 (2008) All four requirements must be met. Id.

Plaintiff fails to make the requisite showing. Injunctive relief, such as the issuance of a preliminary injunction, is an extraordinary remedy that may be awarded only upon a clear showing that the plaintiff is entitled to such relief. Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997). Plaintiff fails to show the likelihood of success on the merits or that an injunction is in the public interest.[2]

As plaintiff has failed to meet all of the Winter factors, it is recommended that this motion (doc. #44) be denied.

Additionally, there is no constitutional right for a state prisoner or federal prisoner to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution. See Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976) (holding that the Constitution's Due Process Clause does not "protect a duly convicted prisoner against transfer from one institution to another within the state prison system"); McKune v. Lile, 536 U.S. 24, 26, 122 S.Ct. 2017, 153 L.Ed.2d 47 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"). Accordingly, it is recommended that Plaintiff's motion (doc. #44) be denied.

Respectfully submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

May 13, 2013
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**

---

[2] **Additionally,** decisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system. See Olim v. Wakinekona, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed. 813 (1983).