UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DANIEL M. BROWN, #341265, ) | Civil Action No.: 4:12-cv-3057-DCN-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **ORDER** |
| ) | |
| LT. PERRY POWELL, LT. RONALD ) | |
| BRAYBOY, SGT. TERRANCE PURVIS, ) | |
| CAPTAIN KENNY GREEN, and ) | |
| OFFICER H. KESSLER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff, who is proceeding pro se, was at all times relevant to this action in the custody of the South Carolina Department of Corrections (SCDC) and housed at the Evans Correctional Institution (Evans). He brings this action pursuant to 42 U.S.C. § 1983, alleging a claim of excessive force. Presently before the Court are numerous motions: Plaintiff's Motions to Compel Discovery (Documents # 99, 102, 127, 128), Plaintiff's Motion to Dismiss Defendants' Answers to Interrogatories (Document # 103), Plaintiff's Motion to Withdraw Document (Document # 104), Plaintiff's Motion for Extension of Time (Document # 112), Plaintiff's Motion for Default on Defendant's Answers to Interrogatories (Document # 125), Plaintiff's Motion for Default of Defendants' Extension of Time (Document # 126) and Plaintiff's Motions for Issuance of Subpoena (Documents # 133, 142). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

In Plaintiff's first Motion to Compel (Document # 99), filed July 10, 2013, Plaintiff seeks an Order compelling Defendants to respond to Plaintiff's First Set of Interrogatories. However,

Defendants had previously requested and were granted an extension until July 15, 2013, to respond to Plaintiff's First Set of Interrogatories.  See Order dated July 9, 2013 (Document # 92). Accordingly, this motion is **DENIED**.

In Plaintiff's second Motion to Compel (Document # 102), Plaintiff seeks an Order compelling Defendants to fully respond to certain interrogatories.  However, Plaintiff did not attach to his Motion a copy of his discovery requests or Defendants' discovery responses as required by Local Rules 37.01(B) and 7.04, D.S.C.  Thus, his Motion to Compel (Document # 102) is **DENIED**.

Plaintiff also moves to "dismiss" Defendants' Answers to Interrogatories because they are not in Defendants' own words nor are they signed by the Defendants.  In Response, Defendants Purvis, Green, Powell, and Kessler provided verifications that the Answers to Plaintiff's First Set of Interrogatories are true.  Verifications (attached to Defendants' Response to Plaintiff's Motion to Dismiss (Document # 121)).  Thus, Plaintiff's Motion to Dismiss (Document # 103) is **DENIED**. Plaintiff's Motion for Default on Defendants' Answers to Plaintiff's First Set of Interrogatories (Document # 125) essentially renews the request made in his Motion to Dismiss.  Therefore, the Motion for Default is **DENIED** for the same reasons.

In his Motion to Withdraw (Document # 104), Plaintiff moves to remove from the record the document provided by Defendants in response to Plaintiff's Discovery requests marked 1034 and entitled "SCDC Offender Management Systems Inmate Disciplinary System Display Offense Code Text" because Plaintiff asserts the document is irrelevant to the present action and he is still "fighting" the charge in the Administrative Law Court.  Plaintiff provides no authority for striking a document provided to a party in response to that party's discovery requests.  Thus, Plaintiff's Motion is **DENIED** as improper.

Plaintiff asks for an extension of time to respond to Defendants' Motion for Summary Judgment until ten days after Defendants answer Plaintiff's First Request for Production of Documents. However, Plaintiff provides no information in his Motion regarding when the Plaintiff served Defendants with his First Request for Production of Documents. The discovery deadline was May 22, 2013. At the time Plaintiff's request for an extension was filed, Plaintiff had not filed a Motion to Compel with respect to his Request for Production of Documents and any subsequently filed Motion to Compel would be untimely pursuant to Local Civil Rule 37.01, D.S.C. Thus, Plaintiff's Motion for Extension of Time (Document # 112) is **DENIED**. However, Plaintiff will have ten days from the date of this Order to file a Response to Defendants' Motion for Summary Judgment.

In his Motion for Default on Defendants' Extension of Time (Document # 126), Plaintiff notes that, although Defendants requested and were granted an extension of time until August 17, 2013, to respond to several of his Motions, the responses were not filed until August 19, 2013. However, August 17, 2013, fell on a Saturday. When a deadline falls on a weekend, the time for filing is extended to the "first accessible day that is not a Saturday, Sunday, or legal holiday." Rule 6(a)(3), Fed.R.Civ.P. Thus, Defendants' filing on Monday, August 19, 2013, was timely and Plaintiff's Motion is **DENIED**.

In Plaintiff's third and fourth Motions to Compel, Plaintiff asks the court to compel Defendants to serve responses to his Request for Production of Documents and his second Request for Production of Documents. Plaintiff does not indicate when he served these discovery requests on Defendants. The discovery deadline set forth in the scheduling order was May 22, 2013. If the requests were served after this deadline, they are untimely. If they were served before this deadline,

the Motions to Compel are untimely pursuant to Local Civil Rule 37.01, D.S.C., which requires that a Motion to Compel be filed twenty-one days from the date the discovery responses were due. Furthermore, Plaintiff did not attach to his Motions copies of his discovery requests or Defendants' discovery responses as required by Local Rules 37.01(B) and 7.04, D.S.C.  For these reasons, Plaintiff's Motions to Compel (Documents # 127, 128) are **DENIED**.

Plaintiff's Motions for Issuance of Subpoenas (Documents # 133, 142) are **DENIED**. Plaintiff asks the court to send four blank subpoena forms.  To the extent Plaintiff seeks these subpoena forms to request documents, the request is untimely as the discovery deadline has passed. To the extent Plaintiff seeks these forms to subpoena witnesses to trial, the request is premature.

For the reasons discussed above, Plaintiff's Motions to Compel Discovery (Documents # 99, 102, 127, 128), Plaintiff's Motion to Dismiss Defendants' Answers to Interrogatories (Document # 103), Plaintiff's Motion to Withdraw Document (Document # 104), Plaintiff's Motion for Extension of Time (Document # 112), Plaintiff's Motion for Default on Defendant's Answers to Interrogatories (Document # 125), Plaintiff's Motion for Default of Defendants' Extension of Time (Document # 126) and Plaintiff's Motions for Issuance of Subpoena (Documents # 133, 142) are all **DENIED.  However, Plaintiff will have ten days from the date of this Order to file a response to Defendants' Motion for Summary Judgment.**

    **IT IS SO ORDERED.**

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

December 3, 2013
Florence, South Carolina