UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DANIEL M. BROWN, #341265, | ) | Civil Action No.: 4:12-cv-3057-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| LT. PERRY POWELL, LT. RONALD BRAYBOY, SGT. TERRANCE PURVIS, CAPTAIN KENNY GREEN, and OFFICER H. KESSLER, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.     INTRODUCTION

Plaintiff, who is proceeding pro se, was at all times relevant to this action in the custody of the South Carolina Department of Corrections (SCDC) and housed at the Evans Correctional Institution (Evans). He brings this action pursuant to 42 U.S.C. § 1983, alleging a claim of excessive force. Presently before the Court is Defendants' Motion for Summary Judgment (Document # 61). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. Because this motion is potentially dispositive of Plaintiff's claims, this Report and Recommendation is entered for review by the district judge.

## II.    FACTS

In his second Amended Complaint, Plaintiff asserts that on April 8, 2012, he was escorted from the Kiawah dorm to operation by Defendant Lt. Perry Powell and Defendant Sgt. Terrance Purvis. There, Defendants Captain Kenny Green and Lt. Ronald Brayboy conferred with Powell and Purvis and decided to take Plaintiff to lock up. Plaintiff alleges he quietly and calmly walked in the direction they told him to walk when Powell punched his elbow into Plaintiff's back and told Plaintiff to stop resisting even though Plaintiff was cooperating with every order given to him. Plaintiff alleges that

Purvis then sprayed him with pepper spray and they punched him in his stomach and ribs, threw him to the ground, and kicked him in his stomach face and ribs for three to four minutes. They[1] then dragged him out of operation and continued kicking him in the stomach and face when Powell said "y'all stop not out here there's cameras." Plaintiff alleges they dragged him to a closed-off area in the SMU area and continued to punch and kick him. Plaintiff alleges that through the entire assault, he never resisted. He alleges that he asked to go to medical and they would not allow him to go. He does not allege that he suffered any injuries as a result of the officers' actions. Second Amended Complaint pp. 10-11.

The evidence submitted by Defendants contradicts Plaintiff's allegations. Purvis avers that on April 8, 2012, Plaintiff made inappropriate comments to a female correctional officer. Purvis Aff. ¶ 4 (Ex. C to Def. Motion). As Plaintiff was being informed he would be transferred to the special management unit (SMU or lock-up), he attempted to flee. Purvis Aff. ¶ 5. Plaintiff was ordered to stop and, when he refused, Purvis administered pepper spray. Purvis Aff. ¶ 7. Brayboy and Powell attempted to gain control of Plaintiff but he broke away. Purvis Aff. ¶ 8. Officer Purvis then administered a second burst of pepper spray and Plaintiff ceased his actions. Purvis Aff. ¶ 8. Officer Purvis completed a use of force report, which indicates that a total of 16.5 grams of pepper spray were used. Use of Force Report (Ex. D to Def. Motion); Report on the Use of Force (Ex. E to Def. Motion); Incident Report (Ex. F. to Def. Motion).

Plaintiff was treated by Nurse Stokes, who noted that Plaintiff was seen in SMU following the use of chemical munitions. She observed that no injuries were noted, he was not in distress and his breathing was even and non-labored. Nurse Stokes instructed Plaintiff to rinse his eyes with water. Report on Use of Force; see also Medical Summary (Ex. G to Def. Motion).

---

[1] It is not clear who "they" is. However, in his Response to the Motion for Summary Judgment, Plaintiff asserts that Powell, Purvis, and Brayboy all assaulted him. Pl. Response p. 1.

-2-

To his Response, Plaintiff attaches the Affidavit of Defendant Officer H. Kessler[2], who avers that he was present when Plaintiff was brought to the SMU, he did not witness Plaintiff being assaulted and he observed that the correctional officers appropriately processed Plaintiff into SMU. Kessler Aff. ¶ 2 (Ex. D to Pl. Response).

### III.    STANDARD OF REVIEW

The moving party bears the burden of showing that summary judgment is proper. Summary judgment is proper if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is proper if the non-moving party fails to establish an essential element of any cause of action upon which the non-moving party has the burden of proof. Celotex, 477 U.S. 317. Once the moving party has brought into question whether there is a genuine dispute for trial on a material element of the non-moving party's claims, the non-moving party bears the burden of coming forward with specific facts which show a genuine dispute for trial. Fed.R.Civ.P. 56(e); Matsushita Electrical Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986). The non-moving party must come forward with enough evidence, beyond a mere scintilla, upon which the fact finder could reasonably find for it. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). The facts and inferences to be drawn therefrom must be viewed in the light most favorable to the non-moving party. Shealy v. Winston, 929 F.2d 1009, 1011 (4th Cir. 1991). However, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. Barber v. Hosp. Corp. of Am., 977 F.2d 874-75 (4th Cir. 1992). The evidence relied on must meet "the substantive evidentiary standard of proof that would apply at a trial on the merits." Mitchell v. Data General Corp., 12 F.3d 1310, 1316 (4th Cir. 1993).

---

[2]Defendants previously submitted this Affidavit in response to a Motion to Compel filed by Plaintiff.

To show that a genuine dispute of material fact exists, a party may not rest upon the mere allegations or denials of his pleadings. See Celotex, 477 U.S. at 324. Rather, the party must present evidence supporting his or her position by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed.R.Civ.P. 56(c)(1)(A); see also Cray Communications, Inc. v. Novatel Computer Systems, Inc., 33 F.3d 390 (4th Cir. 1994); Orsi v. Kickwood, 999 F.2d 86 (4th Cir. 1993); Local Rules 7.04, 7.05, D.S.C.

## IV.    DISCUSSION

### A.    42 U.S.C. § 1983 Generally

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707, 119 S.Ct. 1624, 143 L.Ed.2d 882 (1999). To be successful on a claim under § 1983, a plaintiff must establish two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988).

### B.    Claims against Defendants in Their Official Capacities

Defendants argue that any claims for monetary damages against them in their official capacities as employees of the SCDC should be dismissed. In Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989), the United States Supreme Court stated that a suit brought against "a state official in

his or her official capacity is not a suit against the official but rather is a suit against the official's office." Suits against officials in their official capacity are simply another way of pleading an action against the entity for which the official is an agent. Monell v. Dept. of Social Servs., 436 U.S. 658, 690 (1978). Additionally, states and state agencies are not "persons" as defined by 42 U.S.C. § 1983 and therefore are not subject to suit under §1983. Will, 491 U.S. at 58. Further, the Eleventh Amendment to the United States Constitution bars a suit in federal court when the defendant is a state or a state agency. Alabama v. Pugh, 438 U.S. 781, 782 (1978). Plaintiff seeks "money damages" and "a settlement payment of $20,000." Thus, summary judgment is appropriate on his claims against Defendants in their official capacities.

### C. Excessive Force

Plaintiff alleges that Defendants violated his right to be free from cruel and unusual punishment by using excessive force. The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned." Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir.1996). The predominate focus in a claim for excessive force is not on the extent of the injury but rather the nature of and justification for the inflicted force. Wilkins v. Gaddy, 559 U.S. 34, 39, 130 S.Ct. 1175, 1179, 175 L.Ed.2d 995 (2010). The Eighth Amendment analysis requires inquiry as to whether a prison official "acted with a sufficiently culpable state of mind and whether the deprivation suffered or injury inflicted on the inmate was sufficiently serious (objective component)." Williams, 77 F3d at 761.

In an excessive force claim, a claimant must meet a heavy burden to satisfy the subjective component. Whitley v. Albers, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). The claimant must show that a correctional officer applied force "maliciously and sadistically for the very purpose of causing harm" rather than in a good faith effort to maintain or restore discipline. Id. (internal quotation marks omitted). The objective component is not as demanding because "[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of

decency always are violated whether or not significant injury is evidenced." Wilkins, 559 U.S. at 37 (internal quotation marks omitted).

In an excessive force claim, the state of mind is "wantonness in the infliction of pain." Whitley, 475 U.S. at 322. In Whitley, the Supreme Court identified four factors to consider when determining whether a prison official's actions were carried out "maliciously and sadistically" to cause harm: (1) the need for application of force; (2) "the relationship between the need and the amount of force" used; (3) "the extent of the injury inflicted"[3]; and (4) "the extent of the threat to the safety of staff and inmates as reasonably perceived by the responsible officials on the basis of the facts known to them." Id. at 321.

Plaintiff asserts that he never attempted to resist the officers escorting him to SMU and he followed all directives given to him, while Purvis avers that Plaintiff attempted to flee when told that he was going to be taken to SMU. Plaintiff alleges that Powell, Purvis and Brayboy repeatedly kicked and punched him and sprayed him with pepper spray. It is undisputed that Purvis used 16.5 grams of pepper spray. However, he denies that any additional force was used. An assault as violent as that alleged by Plaintiff, that is, being repeatedly punched and kicked in the back, stomach, ribs and face for more than four minutes by three different officers, would have resulted in some sort of injury. However, Plaintiff does not allege that he suffered any injuries as a result of the use of force and no injuries or distress were noted by Nurse Stokes when she examined Plaintiff following the incident.

---

[3] While the Supreme Court has "rejected the notion that 'significant injury' is a threshold requirement for stating an excessive force claim," this does not mean the extent or absence of serious injury is irrelevant. Wilkins, 559 U.S. at 37. Instead, the extent of injury suffered is just one factor to account for in the analysis, "but does not end it." See Hudson, 503 U.S. at 7 (holding "[t]he absence of serious injury is therefore relevant to the Eighth Amendment inquiry, but does not end it."). The extent of injury may also provide some indication of the amount of force applied. Wilkins, 559 U.S. at 37. A de minimis use of physical force does not violate the Eighth Amendment, "provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. Thus, an inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Id.

Further, the only evidence in the record to support such an attack are Plaintiff's own, self-serving claims in his second Amended Complaint. These claims, standing alone and without any corroborating evidence, do not create a genuine issue of fact sufficient to survive summary judgment. Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir.2000) (holding that a self-serving affidavit was insufficient to survive summary judgment); King v. Flinn & Dreffein Eng'g Co., No. 09–410, 2012 WL 3133677, at *10 (W.D.Va.2012) (finding no genuine issue of fact where only evidence opposing summary judgment was "uncorroborated and self-serving" testimony) (citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir.2002)). Based on the lack of any injuries suffered by Plaintiff or other corroborating evidence, no reasonable juror could conclude that he suffered a physical attack as alleged.

In addition, this court has found the use of twice as much pepper spray than that used here "not constitutionally relevant." See, e.g., Plummer v. Goodwin, No. 8:07–2741–TLW–BHH, 2010 WL 419927, at *7 n. 4 (D.S.C. Jan.29, 2010) (unpublished) (finding the use of 33.5 grams of chemical munitions to be "not constitutionally relevant" where inmate cursed and threw a bar of soap); see also Robinson v. South Carolina Dept. of Corrections, No. 5:10-25930HMH-KDW, 2012 WL 851042, *7 (D.S.C. Mar. 13, 2012) (holding that short bursts of six and sixteen grams of chemical munitions acceptable responses to an inmate verbally confronting a prison official and refusing orders to stop masturbating).

Based upon the evidence presented, Plaintiff fails to create a genuine issue of material fact as to whether Defendants Powell, Purvis or Brayboy applied force maliciously and sadistically for the very purpose of causing harm. Accordingly, summary judgment is appropriate on his excessive force claim.

Finally, Plaintiff fails to allege that the remaining Defendants, Green or Hessler, used any force against him. Although Plaintiff names Green and Hessler as Defendants in this case, he does not allege

any claims against them and asks only that they be summoned to court as witnesses to the assault. Because no allegations have been raised against these Defendants, their dismissal from this action is appropriate.

## V.    CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion for Summary Judgment (Document # 109) be granted.[4]

    s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 20, 2013
Florence, South Carolina

**The parties are directed to the important information on the following page.**

---

[4] Within his Response, Plaintiff asks the court to allow him to "correct his suit" by adding the SCDC to his § 1983 claim. Pl. Response p. 6. Even if this request was timely and properly before the court, it would be denied as futile because the SCDC is entitled to Eleventh Amendment immunity. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding that leave to amend should be denied if the amendment would be futile); Belcher v. South Carolina Bd. of Corr., 460 F.Supp. 805, 808–809 (D.S.C.1978) ("SCDC is a state agency that has Eleventh Amendment immunity from a suit for damages brought in this court.").