# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| DANIEL M. BROWN, ) | |
| ) | |
| Plaintiff, ) | No. 4:12-cv-3057-DCN |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| LT. PERRY POWELL, LT. RONALD ) | |
| BRAYBOY, SGT. TERRANCE PURVIS, ) | |
| CAPTAIN KENNY GREEN, and ) | |
| OFFICER H. KESSLER ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the court on Magistrate Judge Thomas E. Rogers, III's Report and Recommendation ("R&R") that this court grant the motion for summary judgment filed by defendants Lt. Perry Powell ("Powell"), Lt. Ronald Brayboy ("Brayboy"), Sgt. Terrance Purvis ("Purvis"), Captain Kenny Green ("Green"), and Officer H. Kessler ("Kessler"). Plaintiff Daniel M. Brown ("Brown"), an inmate who alleges defendants used excessive force against him, filed written objections to the R&R. For the reasons set forth below, the court adopts the R&R and grants defendants' motion for summary judgment.

## I. BACKGROUND

On April 8, 2012, while being housed at the Evans Correctional Institution, Brown was escorted from the Kiawah dorm by Powell and Purvis. 2d Am. Compl. 3. Once in operations, Green and Brayboy conferred with Powell and Purvis and decided to take Brown to lock-up. Id. Brown alleges that he was walking quietly and calmly in the direction they told him when Powell punched his elbow into Brown's back and told him

1

not to resist, even though Brown claims was cooperating with every order he was given. Id.  Purvis allegedly then pepper-sprayed Brown and they[1] started punching him in the stomach and ribs.  Id.  Brown, who was hand-cuffed at the time, claims that they threw him to the ground and started kicking him in the stomach, face, and ribs for three to four minutes.  Id. at 4.  Then they allegedly dragged him out of operation and started to punch Brown again when Powell said "y'all stop, not out here theres (sic) cameras."  Id.  They dragged Brown into a building where he alleges they resumed punching and kicking him. Id.  Brown alleges that through the entire assault, he never resisted.  Id.  Brown was put in a lock-up cell and requested medical treatment, which he alleges defendants denied. Id.  Brown does not allege that he suffered any injury.

The evidence submitted by defendants paints a very different picture.  Purvis alleges that on April 8, 2012, Powell brought Brown to operations because he made inappropriate sexual comments to female correctional officers.  Purvis Aff. ¶ 4.  Purvis further claims that as Brown was informed that he was going to lock-up, he attempted to flee.  Purvis Aff. ¶ 5.  Brown was ordered to shop, and when he refused, Purvis used pepper spray.  Purvis Aff. ¶¶ 5-6.  Brayboy and Powell attempted to gain control of Brown but he broke away from them.  Purvis Aff. ¶ 8.  Purvis administered a second burst of pepper spray and Brown became cooperative.  Id.  Purvis completed a use of force report, which indicates that a total of 16.5 grams of pepper spray were used.  Defs.' Mot. for Summ. J. Ex. D.  Defendants assert that Brown was treated by Nurse Stokes,

---

[1] It is not entirely clear who "they" are.  However, in his objections, Brown admits that neither Green nor Kessler used any force against him.  Pl.'s Objections 4. Therefore, the court will assume for purposes of summary judgment that "they" refers to Powell, Purvis, and Brayboy.

who observed that Brown was not in distress and had even and non-labored breathing. Defs.' Mot. Ex. G (South Carolina Department of Corrections Medical Summary).

Brown filed the present action on October 24, 2012. He filed a second amended complaint on November 5, 2012, asserting a cause of action under 42 U.S.C. §1983 for excessive force. On July 31, 2013, defendants filed a motion for summary judgment. Brown filed a response on December 13, 2013. The magistrate judge issued an R&R on December 20, 2013. Brown filed objections on January 21, 2014. The matter is now ripe for the court's review.

## II.  STANDARDS

### A.    Objections to R&R

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made. 28 U.S.C. § 636(b)(1). A party's failure to object is accepted as agreement with the conclusions of the magistrate judge. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). In absence of a timely filed objection to a magistrate judge's R&R, this court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note). The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court. Mathews v. Weber, 423 U.S. 261, 270-71 (1976). This court may accept, reject, or modify the report of the magistrate judge, in whole or in part, or may recommit the matter to him with instructions for further consideration. 28 U.S.C. § 636(b)(1).

### B.     Summary Judgment

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id.  At the summary judgment stage, the court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in his favor. Id. at 255.

### C.     Pro Se Plaintiff

Plaintiff is proceeding pro se in this case.  Federal district courts are charged with liberally construing complaints filed by pro se litigants to allow the development of a potentially meritorious case.  See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980).  Pro se complaints are therefore held to a less stringent standard than those drafted by attorneys. Id.  Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387, 390-91 (4th Cir. 1990).

### III.   DISCUSSION

Brown's objections to the R&R are difficult to parse.  However, construing his objections liberally, it appears that Brown broadly objects to the R&R on the ground that the magistrate judge erred in determining that he cannot bring an excessive force claim since he has not suffered serious injury.  Brown does not object to the magistrate judge's

4

recommendation that the court grant summary judgment to defendants in their official capacities and grant summary judgment to Kessler and Green.[2]  Because there is no clear error on the face of the record, the court accepts the R&R and grants summary judgment in favor of Kessler and Green, and all other defendants in their official capacity.

The Eighth Amendment "protects inmates from inhumane treatment and conditions while imprisoned."  Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996).  To prove a claim that prison officials violated his constitutional rights through the excessive use of force, an inmate must satisfy two requirements.  First, a claimant must meet a "heavy burden" to satisfy the subjective component, Whitley v. Albers, 475 U.S. 312, 321 (1986), for which the claimant must show that the force used by the corrections officers "inflicted unnecessary and wanton pain and suffering."  Hudson v. McMillian, 503 U.S. 1, 6 (1993).  In the context of a prison disturbance, this question "ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'"  Id. (quoting Whitley, 475 U.S. at 320-21).  "When evaluating evidence to determine whether it is legally sufficient to satisfy the subjective component, a court may allow an inmate's claim to go to the jury only if it concludes that the evidence, viewed in a light most favorable to the claimant, will support a reliable inference of wantonness in the infliction of pain."  Stanley v. Hejirika, 134 F.3d 629, 634 (4th Cir. 1998) (internal quotations omitted).  Factors relevant to this determination include "the need for the application of force, the relationship between the need and the amount of force that was used," the

---

[2] As discussed above, Brown admits in his objections that neither Green nor Kessler used any force against him.  Pl.'s Objections 4.

extent of the injury, the threat reasonably perceived by the responsible official, "and any efforts made to temper the severity of a forceful response." Whitley, 475 U.S. at 320-21.

Second, the claimant must meet the objective component, which concerns whether the alleged wrongdoing is objectively "harmful enough" to establish a constitutional violation. Hudson, 503 U.S. at 2. The objective component is not as demanding because "when prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . ." Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (internal quotation marks omitted).

Brown is correct that an excessive force claim is cognizable even if an inmate does not suffer serious injury. In determining whether a complaint states an Eighth Amendment claim that defendants used excessive force, the "core judicial inquiry" does not concern the extent of the injury but rather the nature of the force – "specifically, whether it was nontrivial and 'was applied . . . maliciously and sadistically to cause harm.'" Wilkins, 559 U.S. at 39 (quoting Hudson, 503 U.S. at 7). "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident." Hudson, 503 U.S. at 9; see Wilkins, 559 U.S. at 38 (holding that an inmate who was the victim of excessive force did not lose the ability to pursue an excessive force claim because he had "the good fortune to escape without serious injury").

However, the extent of injury suffered by the inmate is still relevant to the Eighth Amendment inquiry, both because it may suggest whether the use of force plausibly could have been thought necessary in a particular situation, Whitley, 475 U.S. at 321, and because it may provide some indication of the amount of force applied. Wilkins, 559

U.S. at 37 (rejecting the notion that an excessive force claim involving only de minimis injury is subject to automatic dismissal). Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Id. (internal quotation marks omitted); see Wilkins, 559 U.S. at 38 ("An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." (quoting Hudson, 503 U.S. at 9)). Nonetheless, the Supreme Court has cautioned that "[i]njury and force . . . are only imperfectly correlated, and it is the latter that ultimately counts." Wilkins, 559 U.S. at 38.

The court first notes that no evidence, other than Brown's self-serving allegations, supports a claim of excessive force. See, e.g., Riley v. Honeywell Tech. Solutions, Inc., 323 F. App'x 276, 278 (4th Cir. 2009) (holding that plaintiff's "self-serving contentions" that he was treated unfairly "were properly discounted by the district court as having no viable evidentiary support"); Nat'l Enters., Inc. v. Barnes, 201 F.3d 331, 335 (4th Cir. 2000) (holding that a self-serving affidavit was insufficient to survive summary judgment); King v. Flinn & Dreffein Eng'g Co., 2012 WL 3133677, at *10 (W.D. Va. July 30, 2012) (finding no genuine issue of material fact where only evidence was "uncorroborated and self-serving" testimony (citing Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002))).

Moreover, Brown fails to present evidence of any injury – he has not alleged any injury in his complaint and he has not presented any medical evidence demonstrating

injury resulting from the alleged excessive force. Although Brown claims he did not receive medical treatment following the incident, his detention center medical summary indicates that he was treated by Nurse Stokes and Nurse Stokes did not note any injuries. While the court is mindful that injury and force are only imperfectly correlated and that an excessive force claim is actionable with de minimis injury, Wilkins, 559 U.S. at 37-38, the court finds that Brown's complete lack of injury is indicative of the amount of force applied in this case. An assault as violent as that alleged by Brown, with multiple officers repeatedly punching and kicking him in the back, stomach, ribs, and face for more than four minutes, would have resulted in some kind of injury. Brown did not just "escape without serious injury," Wilkins, 559 U.S. at 38 – he escaped without any injury whatsoever.

Because Brown alleges no injuries, no reasonable jury could find that the force used against Brown was more than "nontrivial" or "de minimis." See Rutledge v. Porter, No. 4:11-cv-272-MGL, 2013 WL 2285936 (D.S.C. May 23, 2013) (finding that because plaintiff failed to allege any injury, there was no genuine issue of fact as to whether constitutionally excessive force was used against the plaintiff); Vicks v. Knight, 380 F. App'x 847, 852 (11th Cir. 2010) (holding that because a "reasonable factfinder could not believe that [the plaintiff] suffered any injury," it therefore "could not reasonably infer that [the defendant] used anything more than a de minimis amount of force"); Tate v. Brandon, 2011 WL 1123732, at *5 (M.D. Ga. Mar. 4, 2011) ("If there is no evidence of injury to corroborate the inmate's allegations of excessive force, a motion for summary judgment may be granted in favor of the prison officials." (citing Vicks, 380 F. App'x at 851)); Clark v. Watson, 2013 WL 3984218, at *4 (E.D. La. July 31, 2013) (holding that

the "complete absence of injury . . . indicates that the 'forceful' force [defendant] used was not excessive"); compare Thompson v. Shelton, --- F. App'x ---, 2013 WL 5303644 (4th Cir. Sept. 23, 2013) (unpublished) (vacating district court's grant of summary judgment on excessive force claim where plaintiff alleged various injuries that were "supported at least in part" by medical records).

Therefore, Brown is unable to sustain a claim for excessive force and summary judgment is appropriate.

## IV.  CONCLUSION

Based on the foregoing, the court **ADOPTS** the magistrate judge's R&R and **GRANTS** defendants' motion for summary judgment.

**AND IT IS SO ORDERED**.

*[signature]*

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**February 21, 2014**
**Charleston, South Carolina**